IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEANNA NELSON,<br>　　　　　　Plaintiff,<br><br>　　　　　　v<br><br>ALLAN'S WASTE WATER SERVICE, INC.,<br>JEFF HILLBERRY, ROBERT ALLAN<br>SHIPMAN & CAROLYN STEVENSON<br>SHIPMAN,<br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>) 2:11-cv-1334<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER OF COURT**

Trial in this employment discrimination case is scheduled to commence on January 21, 2014. In preparing for the trial, the Court has determined that it is necessary to reexamine a portion of its ruling at the summary judgment stage of this case pertaining to the PHRA claim against Defendant Jeff Hillberry.

## I.    Discussion

A district court has the inherent authority to reconsider its own rulings as long as it retains jurisdiction over the case. *See Highland Tank & Mfg. Co. v. PS Int'l, Inc.*, 227 F.R.D. 374, 378 (W.D. Pa. 2005) (citing *U.S. v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004)). As the Seventh Circuit Court of Appeals has instructed, it is appropriate for a judge to do so "if he has a conviction at once strong and reasonable that the earlier ruling was wrong, and if rescinding it would not cause undue harm to the party that had benefited from it." *Avitia v. Metro. Club of Chicago, Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995) (citation omitted). It may also be appropriate to reconsider a prior ruling if the ruling was based on a misunderstanding of one of the party's positions. *See Watson v. Beard*, No. 09-87J, 2012 WL 4619612, at *1 (W.D. Pa. Oct. 2, 2012) (explaining that a court may reconsider prior rulings in instances where the court has "patently misunderstood a party").

1

> In its August 8, 2013, opinion, the Court remarked
>
> > [t]he Court will also deny the motion for summary judgment with respect to Count IV, which pertains only to Defendant Hillberry who did not file a motion summary judgment or respond to other such motions. Accordingly, the Court will not address *sua sponte* any concerns with regard to his alleged "aiding and abetting" and he remains a defendant in this case.

Mem. Op. and Order, Aug. 8, 2013, at 8 (ECF No. 66). That statement was inaccurate. The Court mistakenly overlooked a one-paragraph section of the Defendants' brief addressing the claim against Hillberry and which makes an argument as to why he is not a proper defendant. *See* Def.'s Br. in Supp. of Mot. for Summ. J. at 4 (ECF No. 51). Part of the reason for the Court's omission was the fact that it was unclear whether the successive dispositive motions, one for judgment on the pleadings and the other for summary judgment, both filed on February 28, 2013, were filed on behalf of all Defendants including Hillberry or just AWWS and the Shipmans. Upon reexamination, it is clear that counsel for AWWS and the Shipmans did intend to request summary judgment on Hillberry's behalf, no matter how perfunctory that attempt was. The Court will, therefore, take this opportunity to address Defendants' argument for dismissing Hillberry from this case. Doing so has the added benefit of potentially narrowing the issues that the jury will be tasked with resolving at trial.

Plaintiff will not be prejudiced by the Court's reexamination of its ruling with respect to Hillberry. She had a full opportunity to address whether Hillberry could/should be held individually liable under the PHRA in her response brief. *See* Pl.'s Br. in Resp. to Def.'s Mot. for Summ. J. 14 (ECF No. 62). She has also had more than adequate time to develop facts necessary to oppose the motion for summary judgment on this issue.

The Court now turns to the issue which it failed to address in its summary judgment opinion: can Hillberry be held individually liable under the PHRA? Defendants argue that the

PHRA does not contemplate imposing liability on the person who allegedly engaged in the acts of sexual harassment since "[o]ne cannot aid and abet oneself." Def.'s Br. in Supp. of Mot. for Summ. J. 4 (ECF No. 51). Plaintiff responds that Hillberry was not just a direct harasser. According to Plaintiff, he allegedly took over as a "supervisor" in November 2009, and thus he can be liable for his own acts of discrimination and for the failure to prevent others from harassing Plaintiff. Pl.'s Br. in Opp. to Def.'s Mot. for Summ. J. 14 (ECF No. 62).

It is well established in this Circuit that there is no individual liability under Title VII. *See Dici v. Commonwealth of Pennsylvania*, 91 F.3d 542, 552 (3d Cir. 1996). The same is true with respect to the PHRA's general anti-discrimination provision. *Id.* "A different section of the PHRA, however, contemplates liability that extends beyond that of Title VII." *Id.* Specifically, that section forbids "any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice. . . ." 43 P.S. § 955(e). In *Dici*, the Third Circuit Court of Appeals interpreted § 955(e) so as to not permit a plaintiff to hold a *non-supervisory* employee liable for his "direct incidents of [] harassment." *Id.* at 552-53. The decision in *Dici* did not, however, foreclose PHRA "aiding and abetting" claims against *supervisory* employees for "[their] own direct acts of discrimination or for [their] failure to take action to prevent further discrimination by an employee under supervision." *Davis v. Levy, Angstreich, Finney, Baldante, Rubenstein & Coren P.C.*, 20 F. Supp. 2d 885, 887 (E.D. Pa. 1998). The key question, then, is whether Hillberry was a "supervisor." *See Faust v. Storm*, No. 09-4602, 2009 WL 2143546, at *2 (E.D. Pa. July 15, 2009) ("[C]ourts within this Circuit, as well as within the Commonwealth, have distinguished between supervisors and non-supervisory employees for the purpose of imposing liability under Section 955(e) of the PHRA. Specifically, liability is imposed only on

3

the former."). If not, the claim against him fails as a matter of law.

Pennsylvania law does not define who is a "supervisor" for the purpose of the PHRA, so it is appropriate to look to Title VII for guidance. *See Dici*, 91 F.3d at 552 (which explains that the PHRA is generally interpreted in accordance with Title VII). The United States Supreme Court recently held "that an employee is a 'supervisor' . . . under Title VII if he or she is empowered by the employer to take tangible employment actions against the victim" – *e.g.*, hire, fire, demote, promote, transfer, and discipline. *Vance v. Ball State Univ.*, 133 S. Ct. 2434, 2439 (2013).

The Court finds that Plaintiff has failed to adduce evidence sufficient to show that Hillberry was vested with such authority over her. In her Responsive CSMF, Plaintiff characterizes Hillberry as an "ad hoc/de facto supervisor" and cites to a portion of Hillberry's deposition which purports to substantiate that characterization. *See* Pl.'s Resp. to Def.'s CSMF ¶ 11 (citing Hillberry Dep. 39-41) (ECF No. 64). A review of the cited portion of Hillberry's deposition, however, reveals that Plaintiff grossly overstates Hillberry's testimony with regard to his role at AWWS. In sum, the extent of Hillberry's alleged supervision was answering phone calls from Shipman while he was out of the shop and relaying the messages to other truck drivers. *See* Hillberry Dep. 38-41. The following questions and answers are representative of the entire exchange:

> Q: At some point was Allan [Shipman], during the fall of '09, absent from work for extended periods because his wife was going through a difficult pregnancy with the twins that were being born?
>
> A: There was a few days he wasn't there, yes.
>
> Q: Did he ask you during that time frame to kind of fill in and do some of the dispatching?
>
> A: No.

4

> Q: He never asked you to do anything like that?
>
> A: The only thing he did, he had them days off, he would always call the shop that morning, is all he did. Sometimes I would relay the messages to the men, other men he wanted to talk to them himself to tell them what to do. The only thing I did was relay a message or two.

Hillberry Dep. 38:25-39:13. Notably, at no point did Hillberry testify that he could hire, fire or demote Plaintiff or take any other tangible employment action against her. Nor has Plaintiff established any other evidence which tends to show that Hillberry had supervisory authority. Therefore, the Court concludes, as a matter of law, the he is not a "supervisor" for the purpose of the PHRA and cannot be held individually liable under the act.

## II.    Conclusion

Based on the foregoing, the portion of the Court's Memorandum Opinion and Order of August 8, 2013, which addressed the claim against Defendant Hillberry is hereby **VACATED** and Defendants' motion for summary judgment is **GRANTED** with respect to Count IV. Defendant Hillberry is dismissed from this action. Accordingly, the caption of this action is amended as follows:



The case will proceed to trial on only the Title VII claim against AWWS and the PHRA claims against AWWS and the Shipmans.

**SO ORDERED**, this 10th day of January, 2014.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Robert M. Owsiany, Esquire**
Email: rmowsiany@rmolaw.com

**Noah Geary, Esquire**
Email: noahgeary@ngearylawoffices.net

**Harry Cancelmi, Esquire**
Email: hcancelmi@gmail.com